IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAIRYLAND INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEURIS VALLEHO ROMERO,<br>PEREZ GARABITOS, JR.,<br>HADASSAH DISLA,<br>MARCO FERLAND,<br>GROUPE ROBERT, INC.,<br>TRANSPORT ROBERT LTEE,<br>FIVE STAR PRINTING, INC., and<br>JAMAICA COMMERCIAL PROPERTIES,<br>INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br>No. 19-5549 |

## MEMORANDUM OPINION

**Schmehl, J. /s/ JLS**　　　　　　　　　　　　　　　　　　　　　　　　February 11, 2021

　　Plaintiff, Dairyland Insurance Company, moves for Summary Judgment in this Declaratory Judgment action. Dairyland asks the Court to declare an insurance policy not in effect before the time of the motorcycle accident in question. Dairyland argues that the insurance policy was not in effect because the insured did not pay the premium, Dairyland properly informed the insured of the nonpayment, Dairyland then terminated the policy, and since the policy was terminated before the motorcycle accident, Dairyland owes no liability. Although all the defendants have been served, none of the defendants have filed a response to this Motion for Summary Judgment.

I. **Factual Background**

On November 25, 2019, Dairyland Insurance Company filed their Complaint for Declaratory Judgment of whether an insurance policy was effective at the time of a motorcycle accident. (ECF #1.) On May 13, 2016, Dairyland issued a motorcycle insurance policy to defendant Keuris Vallejo Romero. (ECF #16, Ex. B.) The motorcycle was to be garaged at Romero's home in Reading, Pennsylvania, which was the mailing address Dairyland had for Romero's account. On August 15, 2016, Romero failed to pay the premium on the policy, and Dairyland mailed a Notice of Cancellation for the nonpayment to Romero's residence. (ECF #16, Ex. D.) The Notice of Cancellation stated that the Cancellation Effective Date would be September 5, 2016, if Romero failed to reply or to make payment. Dairyland did not receive any correspondence or payment from Romero, and therefore, the policy was terminated.

On September 13, 2016, defendant Garabitos was driving Romero's motorcycle with defendant Disla riding on the back. (ECF #1.) As Garabitos was driving, a truck and trailer was blocking the lane so Garabitos drove the motorcycle around the truck and near the oncoming traffic lane. There was minimal room for Garabitos' maneuver which caused him to clip the truck, and crash the motorcycle. (*Id.*) Disla, who was riding on the back, later filed a personal injury claim in the Supreme Court of the State of New York, County of Queens against Dairyland and others. (*Id.*)

Disla claimed, *inter alia*, that defendant Romero operated and controlled the operation of the motorcycle at all times during the incident, therefore, his insurer, Dairyland, was liable for her personal injuries. Since Dairyland deemed Romero's insurance policy terminated before the accident, Dairyland has denied all coverage relating to the accident. Hence, Dairyland filed their Complaint for Declaratory Judgment in this Court, and now moves for Summary Judgment for a

determination of whether the policy was in effect or not at the time of the accident. All the defendants have been served, only some of the defendants have answered the complaint, and no defendants have responded to this Motion for Summary Judgement.

## II. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56, a court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant fails to meet this burden under Rule 56(c), its motion must be denied. If the movant adequately supports its motion, the burden shifts to the nonmoving party to defend the motion. *Id.* at 330.

To satisfy this burden, the nonmovant must go beyond the mere pleadings by presenting evidence through affidavits, depositions or admissions on file to show that a genuine issue of fact for trial does exist. *Id.* at 324; Fed. R. Civ. P. 56(e). An issue is considered genuine when the nonmovant produces evidence such that a reasonable jury could return a verdict against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding whether a genuine issue of fact exists, the court is to believe the evidence of the nonmovant, and must draw all reasonable inferences in the light most favorable to the nonmovant. *Id.* at 255. Moreover, a court must not consider the credibility or weight of the evidence presented, even if the quantity of the moving party's evidence far outweighs that of the nonmovant. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Nonetheless, a party

opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. *Trap Rock Indus., Inc. v. Local 825*, 982 F.2d 884, 890 (3d Cir. 1992).

If the nonmoving party meets this burden, the motion must be denied. If the nonmoving party fails to satisfy its burden, the court must enter summary judgment against it on any issue on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23. When a motion for summary judgment is unopposed, the Court is required to conduct its own examination of whether granting summary judgment is appropriate. Fed. R. Civ. P. 56(e); Local Rule Civ. P. 7.1(c).

### III.     Analysis

Under Pennsylvania law, an insurer may cancel automobile insurance for nonpayment of premium. 40 PA. STAT. ANN. AND CONS. STAT. ANN. § 991.2004(1); *Kelly v. Allstate Ins. Co.*, 138 F. Supp. 2d 657, 662 (E.D. Pa. 2001). An insurer must deliver or mail their insured a Notice of Cancellation that satisfies the requirements of title 40, section 991.2006 in order to properly cancel the insurance policy:

(1) Be in a form acceptable to the Insurance Commissioner.

(2) . . . . When the policy is being cancelled or not renewed for the reasons set forth in section 2004(1) and (2), however, the effective date may be fifteen (15) days from the date of mailing or delivery.

(3) State the specific reason or reasons of the insurer for cancellation or refusal to renew.

(4) Advise the insured of his right to request in writing, within thirty (30) days of the receipt of the notice of cancellation or intention not to renew and of the receipt of the reason or reasons for the cancellation or refusal to renew as stated in the notice of

> cancellation or of intention not to renew, that the Insurance Commissioner review the action of the insurer.
>
> (5) Either in the notice or in an accompanying statement advise the insured of his possible eligibility for insurance through the automobile assigned risk plan.
>
> (6) Advise the insured that he must obtain compulsory automobile insurance coverage if he operates or registers a motor vehicle in this Commonwealth, that the insurer is notifying the Department of Transportation that the insurance is being cancelled or not renewed and that the insured must notify the Department of Transportation that he has replaced said coverage.
>
> (7) Clearly state that when coverage is to be terminated due to nonresponse to a citation imposed under 75 Pa.C.S. § 1533 (relating to suspension of operating privilege for failure to respond to citation) or nonpayment of a fine or penalty imposed under that section coverage shall not terminate if the insured provides the insurer with proof that the insured has responded to all citations and paid all fines and penalties and that he has done so on or before the termination date of the policy.

40 Pa. Stat. Ann. and Cons. Stat. Ann. § 991.2006.

Here, upon nonpayment of the premium, Dairyland mailed their insured, Romero, a Notice of Cancellation on August 15, 2016. (ECF #16, Ex. D.) The notice clearly and succinctly summarizes its reason for being sent and its effect. The Notice names the insured in multiple areas—Vallejo Romero Keuris. It is labeled as "Notice of Cancellation" in bold faced capital letters in multiple areas. It states it will be ineffective on September 5, 2016, for nonpayment of the premium. It provides a form the insured can fill out to dispute the issue and appeal to the Pennsylvania Insurance Commissioner. It provides an insurance alternative through the

Pennsylvania automobile insurance plan. Lastly, it informs Romero that he must have insurance if he plans to use the motorcycle.

All of this information on the Notice of Cancellation satisfies the requirements set out in 40 Pa. Stat. Ann. section 991.2006. I have not received anything from the defendants that disputes these facts, and I see no reasons to not grant Dairyland's Motion for Summary Judgment. Therefore, for the reasons set out above, Dairyland's Motion for Summary Judgment is granted, and an Order that declares the insurance policy at issue not in effect before the time of the accident follows.